### PAINE v. TRASK.

(Circuit Court, D. Massachusetts. August 11, 1892.)

#### No. 2,403.

PATENTS FOR INVENTIONS—ASSIGNMENT—EVIDENCE.

In a suit for the infringement of a patent the defense was that complainant had no title, and defendant introduced an assignment thereof by him, duly recorded in the patent office. Complainant alleged that this was a forgery, and the surviving witness to the instrument testified that he had no recollection of signing it. Complainant admitted, however, that he had placed the sale of the patent in the hands of the alleged assignee; that, after a certain difficulty between them, such assignee had said to him that the signature to the assignment was genuine, as he could show by expert witnesses; and that one of the witnesses thereto said to him that he had seen him execute the assignment. Other witnesses testified that complainant had told him he had sold the patent. *Held,* that the evidence was not sufficient to show the assignment invalid, and the bill should be dismissed.

In Equity. Suit by George C. Paine against Henry D. Trask for the infringement of a patent. Bill dismissed. Affirmed in 56 Fed. Rep. 233.

Charles H. Drew, for complainant.
John L. S. Roberts, for defendant.

COLT, Circuit Judge. This suit is brought for infringement of letters patent No. 182,769, dated October 3, 1876, granted to the complainant for a "new and improved regulator for hot-air furnaces." The first defense set up is the invalidity of complainant's title to the patent. The defendant introduces in evidence a copy of an assignment of the patent, dated October 21, 1879, made to the American Automatic Furnace Regulator Company. This assignment was witnessed by C. C. Dickerman and A. J. Kebler, and was recorded in the patent office, January 22, 1880. He also introduces in evidence a copy of a prior agreement under date of September 12, 1879, by which the complainant agreed to assign to the said Dickerman his patent and all improvements thereof, "the same to be absolutely assigned by said Dickerman or myself to an association or corporation for the manufacture of said articles." This agreement was recorded in the patent office, January 21, 1880. It further appears that in December, 1878, the complainant assigned all right in the patent for certain states and territories to his brother, Henry F.

Paine, which right, however, was on January 31, 1880, conveyed back to the complainant. The complainant denies that he ever executed any assignment except the one to his brother, and says that the agreement to assign to Dickerman and the assignment to the American Automatic Furnace Regulator Company are forgeries. Of the two witnesses to this last instrument Dickerman is dead, and Kebler swears that he has no recollection of signing the paper. It must be remembered, however, that a period of more than 10 years had elapsed between the time of Kebler's testimony and the date of the alleged assignment.

Upon an examination of the whole evidence, I have come to the conclusion that the complainant has failed to show that the assignment was invalid; or, in other words, he has failed to overcome by proper proof the presumption of its validity. The complainant met Dickerman some time before the date of the assignment, and he placed the sale of the patent in his hands. He admits having had many interviews with Dickerman on this subject, and that Dickerman drew several papers in relation thereto. He gave up his place of business on Haverhill street, Boston, and removed to Dickerman's office on Bromfield street. He subsequently quarreled with Dickerman over money matters. He admits that after his separation from Dickerman he met Kebler on the street, and that, in the course of the conversation, Kebler told him that he had made an assignment of the patent to Dickerman, and that he saw him do it. He also testifies to seeing Dickerman subsequent to the alleged assignment, and that Dickerman said that the signature to the assignment was genuine, and that he could get plenty of expert witnesses to testify to that effect. He admits that he had many verbal agreements with Dickerman respecting the sale of the patent, and that Dickerman offered the patent for sale to various persons in his presence. Thomas R. Fitch, employed to sell the patented regulator, testifies to an interview in which complainant stated, in answer to an inquiry for instructions about the business: "You must ask Mr. Dickerman. I am an employe myself." At this interview Dickerman introduced the complainant as the person from whom he had acquired the patent. Dickerman appears to have managed the business, and given all directions in connection therewith. The defendant, Trask, testifies that he had several interviews with the complainant, and that he told him that he had sold the patent to Dickerman. Alvin C. Norcross testifies that he was present at an interview with Dickerman and Paine, and that Dickerman offered to sell the patent for $500, and that Dickerman was really the American Automatic Furnace Regulator Company.

It is clear to my mind that the facts and circumstances surrounding the dealings between the complainant and Dickerman point to the genuineness of the assignment. The complainant has not overcome this evidence by satisfactory proof, and I must therefore hold that he has failed to show title to the patent in himself, and consequently has no standing in court.

Bill dismissed, with costs.